**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-60665
Summary Calendar

---

JODY DERAMUS,

Plaintiff-Appellant,

VERSUS

RESOLUTION TRUST CORPORATION, ET AL.,

Defendants,

FEDERAL DEPOSIT INSURANCE CORPORTION
and J.L. PIERCE and MARY FRANCES PIERCE,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Mississippi
(1:92-CV-358-D-D)

---

April 12, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case involves an appeal by Jody Deramus, Plaintiff-Appellant, from the district court's dismissal without prejudice of her claims against the Federal Deposit Insurance Corporation (FDIC) and the district court's grant of summary judgment in favor of J.L. and Mary Frances Pierce.

Ms. Deramus and her late husband built their house in Louisville, Mississippi, based on a loan and secured by a mortgage

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

on their residence. The loan was to be repaid to Unifirst Bank for Savings but the Deramuses apparently stopped making payments when a dispute arose with the title company over an apparent flaw in the title. Unifirst was placed in receivership by the RTC on June 15, 1990, and the RTC foreclosed on the Deramuses' house on October 19, 1990. The RTC subsequently auctioned off the house on September 15, 1991, to J.L. and Mary Frances Pierce. The closing with the Pierces on the contract of sale for the property took place on December 20, 1991. In December 1995, the FDIC became the statutory successor to the RTC.

The district court issued a ruling granting the FDIC's motion for judgment as a matter of law. The court held that Ms. Deramus lacked jurisdiction to maintain her suit because she had failed to satisfy the mandatory exhaustion requirement provided by statute under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). 12 U.S.C. § 1821(d). We have reviewed the record and the parties' briefs and AFFIRM the district court's grant of judgment as a matter of law in favor of the FDIC for essentially the same reasons set forth by the district court. Deramus v. Federal Deposit Insurance Corp., No. 1:92cv358-D-D. (August 8, 1997).

Although Ms. Deramus did not specify in her notice of appeal or certificate of service that she was appealing the district court's grant of the Pierces' motion for summary judgment, Ms. Deramus did address the district court's ruling on this issue in her brief. This court has held that "a mistake in designating a

2

judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." United States v. Knowles, 29 F.3d 947, 949 (5th Cir. 1994) (quoting Turnbull v. United States, 929 F.2d 173, 177 (5th Cir. 1991)). Here, by addressing the summary judgment ruling in her brief, Ms. Deramus has indicated her intent to appeal the district court's decision. Moreover, since the Pierces have submitted their own brief to this court, they have not been prejudiced or misled by the mistake in Ms. Deramus's notice of appeal.

After reviewing the record and the parties' briefs, we AFFIRM the district court's grant of summary judgment in favor of the Pierces for essentially the same reasons set forth in its memorandum opinion, i.e., Ms. Deramus failed to present any evidence that there was a genuine dispute as to any material fact or that the Pierces were not entitled to judgment as a matter of law. Mississippi law requires that agreements to purchase or sell land must be in writing. Miss. Code Ann. § 15-3-1 (1995). The fact that Ms. Deramus had informed the Pierces of the RTC's alleged oral promise to sell the property back to her did not prevent the Pierces from being bona fide purchasers. The lis pendens filed by the Deramuses acts similar to a lien or attachment and as such is proscribed by FIRREA. 12 U.S.C. § 1821(d)(13)(C); 12 U.S.C. § 1825(b)(2). See Federal Deposit Insurance Corp. v. Walker, 815 F. Supp. 987, 990 (N.D. Tex. 1993); Resolution Trust Corp. v. Clarke, 812 F. Supp. 48, 53-54 (E.D. Pa. 1992). Also, under the state law,

3

Ms. Deramus did not have standing to bring an action against the Pierces based on zoning ordinance or restrictive covenant violations for the reasons stated by the district court.

AFFIRMED.